IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

FELIX IBARRA-VILLALVA,

    Plaintiff,

v.                                        Civil Action No. 5:08CV94
                                                            (STAMP)
HARLEY LAPPIN,

    Defendant.

**MEMORANDUM OPINION AND ORDER
DISMISSING CIVIL ACTION**

The plaintiff initiated this action on May 7, 2008, by filing a civil rights complaint pursuant to <u>Bivens v. Six Unknown Agents of the Fed. Bureau of Narcotics</u>, 403 U.S. 388, 395 (1971), and what has been construed as a motion to proceed in forma pauperis.

I.  <u>The Complaint</u>

In the complaint, the plaintiff asserts that the defendant has violated his First Amendment rights by denying or restricting his access to the courts, concealing records, trespassing on his personal property, limiting his freedom of speech and assembly, and restraining him without cause. The plaintiff also asserts that the defendant has violated his Fifth and Fourteenth Amendment rights by failing to protect his life, health and mental status, failing to act or requesting the dismissal of the plaintiff's meritorious claims in court, confiscating his personal property without due process, unreasonably classifying him upon admission, and violating his rights to equal protection. The plaintiff further asserts that

the defendant has harassed, discriminated, and otherwise treated him unfairly during his incarceration. Finally, the plaintiff asserts that the defendant has violated his Eighth Amendment right to be free from cruel and unusual punishment by failing to treat his hepatitis in an appropriate manner, which has caused the plaintiff to suffer serious mental anguish.

## II. Discussion

After the enactment of the Prison Litigation and Reform Act of 1996, 28 U.S.C. § 1915 ("PLRA"), regarding proceedings in forma pauperis, was amended by the addition of the following subsection:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Accordingly, this Court takes judicial notice of the following filings brought by the plaintiff in a court of the United States that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted: (1) Ibarra v. WQSU Radio, Case No. 4:06CV195 (M.D. Pa. Mar. 8, 2006); (2) Ibarra-Villalva v. USP-Allenwood, Case No. 4:06CV666 (M.D. Pa. May 5, 2006); (3) Ibarra v. USP-Allenwood, Case

No. 1:06CV1160 (M.D. Pa. Feb. 9, 2007). Therefore, the plaintiff cannot initiate another civil rights action pursuant to § 1915(g) without first paying the $350.00 filing fee or showing that he is under imminent danger of serious physical injury.

III. Conclusion

Because the plaintiff has had three or more prior dismissals and is not under imminent danger of serious physical injury,[1] his Motion to Proceed With Case and with the Payment, construed as a Motion to Proceed In Forma Pauperis (Doc. 2), is DENIED and this action is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(g). See Dupree v. Palmer, 284 F. 3d 1234, 1236 (11th Cir. 2002) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g). The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status. He must pay the filing fee at the time he *initiates* the suit.").

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this Court within 30 days of the date of entry of this memorandum opinion and order, or

---

[1] To the extent the plaintiff alleges that his hepatitis claims establish that he is in imminent danger of physical harm, this Court is without jurisdiction to hear those claims by virtue of the plaintiff's incarceration at the United States Penitentiary in Inez, Kentucky.

3

within such extended period as the court may grant pursuant to Rule 4(a)(5).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the plaintiff and counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    May 13, 2008

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE